| |
|:---:|
| **Matter of Regenstein** |
| 2025 NY Slip Op 33751(U) |
| October 7, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2014-3481 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
In the Matter of the First and Final Account of
Michael D. Lissner, and Stephan S. Lieberman and
Rochelle Edelstein, as Executors of the Estate of Fay
Kurzban, as Trustees of the Sophie Regenstein Living
Trust by Agreement Dated August 31, 2001,
as Amended, by

DECISION and ORDER

File No.: 2014-3481

SOPHIE REGENSTEIN,


Grantor.
-----------------------------------------------------------------------x

**ENTERED**

OCT 07 2025

DATA ENTRY DEPT
New York County Surrogate's Court

M E L L A , S . :

The following papers were considered in determining David Selinger's two motions requesting that the court make criminal referrals to the District Attorney, and other relief:

Papers Considered                                                                      Numbered

**Motion #1:**
David Selinger's Notice of Motion, dated June 10, 2025,
Affirmation of David Selinger in Support, dated June 10, 2025,
with Exhibits, Brief in Support of Motion                                              1-3


**Motion #2:**
David Selinger's Notice of Motion, dated September 10, 2025,
Affirmation of David Selinger in Support, dated September 10, 2025,
with Exhibits, Brief in Support of Motion                                              4-6


Before the court in this final accounting proceeding, commenced by the Trustees of the

Sophie Regenstein Living Trust, dated August 31, 2001, as amended (Trust), are two motions by

David Selinger (Movant), appearing *pro se*. In the first motion, Movant requests that the court:

(1) make a criminal referral to the District Attorney for an investigation of alleged acts of

Michael D. Lissner (Lissner), who is the Trustee of the Trust, and Stephen S. Lieberman

(Lieberman) and Rochelle Edelstein (Edelstein), who are the Executors of the estate of a deceased Trustee of the Trust, and (2) rule on Selinger's prior motion for a criminal referral to the District Attorney regarding alleged acts of Lissner (Motion #1). In the second motion, he asks for another criminal referral to the District Attorney based on alleged acts by Benjamin Mellors, Esq. (Mellors), who represents Lissner, Lieberman and Edelstein in this accounting proceeding (Motion #2). For the reasons stated below, both motions are denied in their entirety.

Sophie Regenstein (Grantor) established the Trust for her lifetime benefit, with the remainder distributable outright to her four nephews, one of whom is Movant. The Grantor acted as sole Trustee until her death on July 15, 2013. Pursuant to the provisions of the Trust, Lissner and Fay Kurzban (Kurzban) then became Successor Co-Trustees.

In September 2014, Lissner and Kurzban (Trustees) commenced the instant proceeding to settle their account, which as amended, covers the period from July15, 2013 to January 15, 2015. Since then, they have been embroiled in litigation with Movant. However, for present purposes, only two facts are important to note. First, Kurzban died on September 21, 2023, leaving Lissner as the sole surviving Trustee. Lieberman and Edelstein, as Executors of Kurzban's estate, were then substituted into this proceeding by order dated December 27, 2024 (*see* SCPA 2207[3]). Second, Movant lodged his opposition to the accounting by filing an Answer. On January 31, 2025, the court granted from the bench the Trustees' motion to dismiss Movant's claims, finding that his Answer did not set forth any cognizable issues related to the Trustees' account (Account) and thus failed to meet the basic pleading requirement of SCPA 302(2). Since Movant was the only party to object to the Account, at this time all that remains is for Petitioners to supplement the Account if they wish to obtain a final decree.

2

Discussion

Motion #1 – Selinger's Motion for Criminal Referral of Lissner, Lieberman and Edelstein

Movant alleges that Lissner, Lieberman and Edelstein (Petitioners) have failed to pay to the other three beneficiaries their remaining share of the Trust's assets, which he computes as $26,901 for each of them. He alleges that Petitioners' failure to distribute the remaining trust assets constitutes multiple criminal acts, which he identifies as grand larceny and criminal possession of stolen property in various degrees. Movant's rationale for his claim of criminal conduct is that the other beneficiaries executed receipt and release documents (Receipt and Release) prior to the commencement of this proceeding, which acknowledged receipt of their full share of the trust assets in the context of an informal accounting, but they did not receive the remaining funds.

The court finds no basis in fact or in law to grant such relief. As explained by the court in its July 7, 2025 decision (see Matter of Regenstein NYLJ, July 10, 2025, at 8, col 2 [Sur Ct, NY County]) (July 7th Decision), the execution of a Receipt and Release of this type is customary in the trusts and estates field, where the parties wish to informally settle their account to avoid the costs and delays often incurred with a judicial accounting (see 7 Warren's Heaton on Surrogate's Court Practice, 91.04 [3]). But, where one party, in this case Movant, foregoes this informal process and a judicial accounting is required, the Petitioners here could not make the final payment contemplated in the Receipt and Release to any of the remainder beneficiaries, even those who signed a Receipt and Release, since the Petitioners could be rightly faulted for making unequal distributions. In addition, even if that were not the case, it is entirely permissible, and indeed understandable under these circumstances, that the Petitioners would

3

withhold making final distributions until the final accounting decree is entered, as administration expenses of the Trust continue to accrue, in particular, legal fees as a result of ongoing litigation.

As for Movant's request for a ruling on his prior motion in which he also sought a criminal referral of Lissner, this relief is moot, as the court denied the motion in its July 7th Decision. For all these reasons, Motion #1 is denied in its entirety.

<u>Motion #2 – Selinger's Motion for Criminal Referral of Benjamin Mellors</u>

Movant also asks the court to make a criminal referral for the investigation of alleged acts by Mellors. Movant alleges that Mellors committed various crimes, identified by him, *inter alia*, as forgery and filing false instruments, in connection with this proceeding. Movant previously made a motion seeking virtually identical relief alleging that Mellors filed "false instruments with the court." The court denied that motion from the bench on March 14, 2025, finding the allegations to be baseless. To the extent Motion #2 involves allegations that Mellors filed false instruments with the court, that portion of the motion is denied as the court has already deemed those allegations insufficient to warrant a criminal referral. Furthermore, the court finds the remaining allegations of misconduct attributed to Mellors to be without merit. Accordingly, Motion #2 is denied in its entirety.

Finally, the court is compelled to address Movant's litigiousness. Movant has filed eleven motions in this proceeding, including the two motions addressed herein. All but one motion was denied,[1] with the court ruling that the motions were either procedurally defective, duplicative, unnecessary or moot. In addition, Movant also filed multiple motions in another accounting proceeding involving a nearly identical trust, the Sophie Regenstein German

---

[1] Movant made a motion to compel disclosure of trust account statements, which the court granted from the bench on January 31, 2025.

4

Restitution Trust (File No.: 2014-3481/A). All these motions were denied as well on similar grounds.

At the call of this court's calendar on January 31, 2025, after granting the Trustees' motion to dismiss Movant's Answer and denying five of his motions from the bench, the court warned Movant on the record that it would consider enjoining him from commencing future proceedings or making further motions that assert that the Petitioners or any of their lawyers have engaged in criminal conduct. Notwithstanding that admonition, Movant filed the instant motions, which contain allegations of criminal misconduct on the part of Petitioners and Mellors, respectively, without providing any substantial basis for making those assertions. He did so even though he had been present on the court's virtual proceedings held via the Microsoft Teams platform on January 31, 2025, when the court warned Movant against such filings, and again on March 14, 2025, when the court denied from the bench his motion alleging misconduct with regard to Mellors. Thus, at the time he made the second motion decided here (which concerns Mellors), he was aware that the court had previously denied his motion seeking similar relief. In total, Movant has now brought four motions alleging criminal misconduct of the Trustees and/or their counsel, all having been determined by this court to be meritless.

The court observes as well that Movant's Answer in this proceeding also contained baseless allegations of misconduct by Lissner, including statements that Lissner had been convicted of a crime, when he had not. It is clear from the record of this proceeding and the related proceeding regarding the Sophie Regenstein German Restitution Trust that Movant has a penchant for frivolous litigation.

Courts have the authority to enjoin parties "from using legal proceedings as a means of harassment, and to prevent waste of the time and resources of the parties and the judiciary"

5

[* 5]

(*Eremeyev v Mount Sinai Hospital*, 2012 NY Slip Op 33426[U] *27-28 [Sup Ct, Bronx County 2012]; *see Jones v Maples*, 286 AD2d 639 [1st Dept 2001]). Here, based on the record before the court of Movant's past actions, the court finds itself compelled to enjoin him from commencing any proceeding or bringing any motion in which he alleges misconduct on the part of Petitioners or their lawyers in this court in connection with the Sophie Regenstein Living Trust, without obtaining prior court approval. The court will consider further injunctions and/or sanctions against Movant if he continues to pursue frivolous litigation in this proceeding as well as in the related accounting proceeding in connection with the Sophie Regenstein German Restitution Trust.

This decision constitutes the order of the court.

The Clerk of the Court shall email a copy of this decision to the parties and counsel listed at the foot of this decision.

Dated:     October 7, 2025

_____
S U R R O G A T E

TO:

Michael D. Lissner, Esq.
Benjamin Mellors, Esq.
Lissner & Lissner LLP
162 West 56th Street, Suite 506
New York, NY 10019
mlissner@lissnerlawfirm.com
bmellors@lissnerlawfirm.com
*Attorneys for Petitioners*

John R. Morken, Esq.
Farrell Fritz, P.C.
400 RXR Plaza, 3rd Floor
Uniondale, NY 11556
JMorken@FarrellFritz.com
*Attorneys for Petitioners*

David Selinger
1619 Willowspring Drive North
Encinitas, CA 92024-1991
dave246@gmail.com
*Respondent Pro Se*

Sally M. Donohue, Esq.
Assistant Attorney General
Charities Bureau
28 Liberty Street, 9th Fl.
New York, NY 10271
Rebecca.Gideon@ag-ny.gov
*On Behalf of Charitable Beneficiaries*

6

[* 6]